**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 21 CR 19 |
| | ) | |
| | ) | Hon. Sheila M. Finnegan |
| DAVID FOLEY | ) | |
| | ) | |

**DEFENDANT'S SUR-REPLY TO THIRD PARTY INVESTORSHUB.COM, INC.'S**
**MOTION TO QUASH SUBPOENA**

Now comes the Defendant, David Foley, by and through his attorneys, Nishay K. Sanan and

Cece White, and writing in Sur-Reply to the third party's motion to quash respectfully requests that

this Court issue an order denying InvestorHub.com's (hereinafter "iHub") motion. In support, Mr.

Foley states as follows:

The Defendant has shown a compelling interest in obtaining the sought-after material and

further shown that there is a sufficient nexus between the subject matter of the investigation and the

information he seek based upon the Indictment and discovery provided by the Government. *In re*

*Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461 et. seq.*, 706 F.Supp 2d 11, 18 (D. D.C.

2009).

This is the test that I-Hub has invoked by making the First Amendment claims herein.

Thus, the test should not be applied to the instant case. The Defendant has established a compelling

interest and sufficient nexus in that the scheme to defraud described in the indictment alleges that

others, at his direction, posted exaggerated claims to online forums about the value of shares in his

companies as a part of the pump and dump scheme to defraud. Dkt. 1. The Defendant has a

compelling interest in learning the identity of those users posting on these topics, and the user

posting confidential information about the Defendant himself on iHub. There is a sufficient nexus

between the identifying information that such users shared with a third party voluntarily and thus,

any First Amendment concerns, while not applicable, would be overcome by the Defendant's right to due process.

Given that a majority of case law and context relevant to this matter are found in Motions to Quash Grand Jury Subpoenas, that case law should guide this Court. There are several factors listed in determining that disclosure is favored by District Courts. A District Court in *Grand Jury Subpoena ABC* held that the balancing test should tilt towards allowing discovery in the grand jury context, because the grand jury "is an investigative body charged with the responsibility of determining whether or not a crime has been committed,' and it 'can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" *In re Grand Jury Subpoena American Broadcasting Companies, Inc.*, 947 F.Supp. 1314, 1320 (E.D. Ark. 1996) (quoting *United States v. R. Enterprises Inc.*, 498 U.S. 292, 297 (1991). Further a District Court in the Eastern District of Arkansas found in *Hively*, a criminal case, that the defendant's "Sixth Amendment right to present a defense must be factored in to the analysis." *United States v. Hively*, 202 F. Supp. 2d 886, 891 (E.D. Ark. 2002). In *U.S. v. Jennings*, No. 97 CR 765, 1999 WL 438984 (N.D. Ill. June 29, 1999), the court held that the First Amendment does not protect journalists from disclosure of non-confidential relevant information that is sought in good faith.

The Fifth Circuit has rejected a balancing of interests when determining whether to quash a subpoena for non-confidential materials sought in grand jury proceedings or criminal cases. *United States v. Smith*, 135 F.3d 963, 968 (5th Cir. 1998). According to *Smith*, *Branzburg* holds that "the needs of the press are not to be weighed against the needs of the government in considering grand jury subpoenas." *Id.*

In this context of the media, the 1st Circuit has states that in both criminal and civil matters, the Courts should engage in a balancing test, weighing the moving party's asserted need for the information against the media's First Amendment concerns in keeping the information confidential. Some of the factors which the court will consider in determining the moving party's need for the information include: (1) the relevancy and importance of the information; (2) whether the information is otherwise obtainable by alternative methods; (3) whether the moving party cannot properly prepare for trial without this information; and (4) whether the application is made in good faith and not intended as a general "fishing

expedition." *United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988). The court will also consider the following factors concerning the subpoenaed party's First Amendment interests: (1) the chilling effect on the free flow of information between reporters and their sources; (2) the intrusion of government interfering with the newsgathering process; (3) the threat of turning journalists into "an investigative arm of the judicial system"; (4) the potential disincentive for the media to compile and preserve investigative material; and (5) the burden on reporters' time and resources in responding to subpoenas. *Id.* at 1182. Sixth Circuit district courts have also applied a four-part test derived from *In re Grand Jury Proceedings*. Where 1) the reporter is not being harassed, 2) the information is being sought in good faith, 3) the information has more than a remote or tenuous relationship with the case, and 4) there is a legitimate need for disclosure, the reporter can't block compelled disclosure of information. *Lentz v. City of Cleveland*, 410 F. Supp. 2d 673 (N.D. Ohio 2006); *Hade v. City of Fremont*, 233 F. Supp. 2d 884 (N.D. Ohio 2002).

Based on Defendant's Constitutional Due Process Rights here, where the identity of users is sought because of their direct connection to criminal allegations that must be proven at trial, it would likewise, be as the above case law supports, appropriate to deny the motion to quash.

**Nishay K. Sanan, Esq.**
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111

Respectfully submitted,

*/s/ Nishay K. Sanan*
nsanan@aol.com

*/s/ Cece White*
cece@sananlaw.com