UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID FOLEY | No. 21 CR 19<br><br>Judge Steven C. Seeger |

**GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE* REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE/DUTY OF CONFIDENTIALITY**

The United States of America, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby files this supplemental motion *in limine* regarding waiver of the attorney-client privilege/duty of confidentiality for an attorney defendant has disclosed as a potential defense witness.[1]

On March 4, 2024, both parties filed witness lists that included an attorney named Robert Laskowski. The evidence will show that Mr. Laskowski issued Rule 144 opinion letters stating that the shares of NTGL could be issued without a restrictive legend. Defendant additionally included an attorney named Daniel Carr on his witness list. The government already served a trial subpoena on Mr. Laskowksi based on his having provided to third parties documents and information provided to him in connection with the issuance of his Rule 144 opinion letters. The government raised the issue of attorney-client privilege regarding Mr. Laskowski in one of its motions in limine. (Dkt. No. 122) In its motion in limine, the government also proactively raised the possibility that defendant might raise an advice of counsel defense as to Mr. Laskowski (referred to in the motion as Attorney A), and that such a defense would serve as a waiver of attorney-client privilege.

---

[1] For the reasons stated below, the government could not have filed this motion in limine on March 4, 2024, when the Court required motions in limine to be filed.

On April 3, 2024, defendant gave formal notice to the government that it intends to raise an advice of counsel defense. Specifically, he intends to raise that defense with respect to advice provided by Mr. Laskowski and possibly by Mr. Carr. The government seeks an order finding that the attorney-client privilege that David Foley, NTGL, and/or HVEL had with Robert Laskowski and Daniel Carr are waived with respect to subjects related to the issuance of HVEL and NTGL shares, any efforts to sell those shares, and any efforts to influence the price of those shares.

A defendant is entitled to a theory of defense instruction when "(1) the instruction is a correct statement of law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendant of a fair trial." *United States v. Dickey*, 52 F.4th 680, 686 (7th Cir. 2022) (*quoting United States v. Brown*, 865 F.3d 566, 571 (7th Cir. 2017)). Advice of counsel can be a defense to fraud charges when the following elements are established:

> (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report.

*United States v. Al-Shahin*, 474 F.3d 941, 947 (7th Cir. 2007); *see also*, Seventh Circuit Pattern Jury Instruction 6.12, Reliance on Advice of Counsel (2022).

It is well settled that the attorney-client privilege is waived when a client asserts defenses "that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 (7th Cir. 1995). "A party cannot use the attorney-client privilege as both a shield and a sword." *United States v. Kmart Corporation*, No. 12 CV 881, 2017 WL 3034342, at *2 (S.D. Ill. July 17, 2017) (*citing DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2015

WL 5123652, at *4 (N.D. Ill. Sept. 1, 2015)). "[A]dvice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication." *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994). As the Third Circuit has explained:

> Finding a waiver of the attorney client privilege when the client puts the attorney's advice in issue is consistent with the essential elements of the privilege. That is, in leaving to the client the decision whether or not to waive the privilege by putting the attorney's advice in issue, we provide certainty that the client's confidential communications will not be disclosed unless the client takes an affirmative step to waive the privilege, and we provide predictability for the client concerning the circumstances by which the client will waive that privilege. This certainty and predictability as to the circumstances of a waiver encourage clients to consult with counsel free from the apprehension that the communications will be disclosed with their consent.

*Id.*

Here, defendant intends to place advice he, NTGL, and/or HVEL received from Mr. Laskowski and/or Mr. Carr at issue in this case, and to advance a theory that the attorneys' advice negated his mental state. As a result, the Court should find that the attorney-client privilege as well as any duty of confidentiality as it relates to information that Mr. Laskowski or Mr. Carr provided to defendant, NTGL, and/or HVEL has been waived. With such a waiver, the government can interview Mr. Laskowski and/or Mr. Carr to determine whether the elements of an advice of counsel defense can be met in this case.

Through this motion, the government does not seek to have defendant disclose his theory of an advice of counsel defense, or facts that support it. Instead, the government seeks only a finding that the attorney-client privilege and duty of confidentiality have been waived because defendant has chosen to raise an advice of counsel defense. Such a finding at this stage in the case

3

will eliminate the prospect of unfair surprise and allow for an orderly trial in which both parties have full access to information.

As explained in the cases above, the attorney-client privilege cannot be both a sword and shield. Given defendant's plan to assert an advice of counsel defense, the government should have access to the same information that he does.

WHEREFORE, the government respectfully requests that this Court grant this motion and find that, since defendant intends to advance an advice of counsel defense, the attorney-client privilege and duty of confidentiality has been waived with respect to communications defendant and others on behalf of defendant, NGTL, and/or HVEL had with Mr. Laskowski and Mr. Carr.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: /s/ Matthew M. Getter
MATHEW M. GETTER
ELIE ZENNER
Assistant U.S. Attorney
219 S. Dearborn St, Rm. 500
Chicago, Illinois 60604
(312) 353-0708
(312) 697-4032

Dated: April 3, 2024