IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 21-cr-00019-1 |
| v. | Judge Steven C. Seeger |
| DAVID FOLEY | Magistrate Judge Sheila M. Finnegan |

**NON-PARTY INVESTORSHUB.COM, INC.'S RESPONSE TO DEFENDANT'S MOTION TO REVERSE ORDER GRANTING MOTION TO QUASH SUBPOENA**

Pursuant to Federal Rule of Criminal Procedure 17(c) and this Court's Order (D.E. 152) non-party InvestorsHub.com, Inc. ("iHub") hereby files this response brief to Defendant's Motion to Reverse Judge Finnegan's Order Granting Third Party InvestorsHub.com, Inc.'s Motion to Quash Subpoena ("Motion to Reverse") (D.E. 154).

## INTRODUCTION

Defendant David Foley has once again failed to demonstrate that his latest subpoena to iHub, seeking identifying information from six of its users ("Amended Subpoena"), is relevant or reasonable. Foley seeks review of the Court's order granting iHub's Motion to Quash Subpoena ("Order") (D.E. 124), entered by Magistrate Judge Sheila Finnegan. In the Order, the Court found that the Amended Subpoena was a "classic fishing expedition" and that Foley had "not met his burden of demonstrating that the information on the 6 users would be relevant and admissible." *Id*. at 8.

Foley has challenged the Order, claiming that Judge Finnegan incorrectly ruled on the Motion to Quash and maintaining that the information he seeks from iHub is relevant. (D.E. 154). In an attempt to overcome the relevancy issues enumerated in the Order, the Motion to Reverse includes new posts and information, which Foley claims support his defense theories. *Id*.

1

at 4-5. These new posts suffer from the same fatal flaws as the posts that Foley previously submitted to justify the Amended Subpoena. (D.E. 106-2).

Despite multiple attempts to do so, Foley has not shown that the identity of various iHub users is material to the defense of this case, or how the information sought will be admissible at trial. The Court correctly granted iHub's Motion to Quash Subpoena and Foley's Motion to Reverse should be denied.

## ARGUMENT

**I.      Standard of Review**

While Foley's instant appeal is framed as a "Motion to Reverse," it is actually a request to review Judge Finnegan's non-dispositive pretrial order pursuant to Federal Rule of Civil Procedure 72(a). "The district court will not modify or set aside a magistrate's ruling unless the ruling is contrary to law or the factual findings are clearly erroneous." *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, No. 86 C 2647, 1992 WL 58760 at *1 (N.D. Ill. Mar. 12, 1992) (citing Fed. R. Civ. P. 72(a)).

"The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Therefore, the reviewing court will not reject the magistrate's findings of fact simply because it would have decided the case differently. As long as there are two permissible views of the evidence, the magistrate's choice between them cannot be clearly erroneous." *La Preferida*, 1992 WL 58760 at *1.

## II. The Court correctly ruled that the information sought is not relevant.

The party seeking information in a criminal subpoena must show that the subpoena seeks evidence that is (1) relevant, (2) admissible, and (3) requested with specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974). When evaluating whether the information sought is relevant, courts determine "whether the documents sought have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *U.S. v. Libby*, 432 F.Supp.2d 26, 31 (D.D.C. 2006) (citing Fed. R. Evid. 401)). The mere possibility of relevance is not enough to overcome the first prong of the *Nixon* test. *Id*. (citing *Nixon*, 418 U.S. at 700).

The Court correctly determined that the information that Foley seeks in the Amended Subpoena is not relevant, either temporally or substantively. The posts included in the Amended Subpoena and the Wells Notice begin, at the earliest, nearly two years after the scheme alleged in the indictment concluded. The posts do not mention the alleged scheme at all—instead, they appear to be from users speaking negatively about Foley. Identifying information about people speaking negatively about Foley, years after he was indicted, is clearly not relevant to the defense of Foley's case.[1] The Amended Subpoena was therefore properly quashed. *See McClendon v. City of Chicago*, 345 F.R.D. 322, 327 (N.D. Ill. 2024) (granting a motion to quash subpoena seeking prison disciplinary report calls that party claimed would allegedly prove gang membership prior to party's arrest on the basis that the calls were not relevant because they were made nearly four years after arrest).

---

[1] The government filed its response to Foley's Motion to Reverse on June 7, 2024. (D.E. 156). In its response, the government observed that it "does not anticipate that Mr. Foley's subpoena to iHub will yield useful information—be it admissible at the trial in this case or not." *Id*. at ¶5. While the government takes no position regarding the competing interests of Foley and iHub, it is clear that the information that Foley seeks is not relevant to the defense of his case.

Further, Foley has provided no argument that the Court's factual findings were clearly erroneous. In the Motion, Foley claims that the Court should have held him to a "lower standard" for relevancy but fails to adequately articulate that standard or include information from the Amended Subpoena which would warrant a different legal evaluation. (D.E. 154 at 5-7). Foley falls far short of articulating to the district court definitely and firmly that a mistake has been made in granting the Motion to Quash. The Motion to Reverse should be denied.

### III.     Foley cannot include new information in the instant Motion.

Foley now claims that he has obtained additional posts since the Court's ruling that fall within the timeline of the scheme alleged in the indictment. (D.E. 154 at 4). However, Foley is not permitted to include any new information in his instant Motion to Reverse. Specifically, when requesting a review of a magistrate's ruling pursuant to Rule 72, parties may not raise at the district court stage new matters that were not presented before the magistrate judge. *See Rodriguez v. Pataki*, 293 F.Supp.2d 313, 315 (S.D.N.Y. 2003) (denying the parties' Rule 72(a) request for review of discovery objections not addressed by the magistrate judge).

In the Motion to Reverse, Foley states that he has obtained "well over 2,000" posts from the users listed in the Amended Subpoena about the shares at issue during the pendency of the alleged scheme. *Id*. He provides a breakdown of the posts by user, but only incorporates five actual posts as "example posts." *Id*. at 4, Ex. B. Foley fails to explain why he did not include these posts in the Amended Subpoena or mention them in his prior briefings. He likewise fails to explain why he did not include the substance of the "well over 2,000" supposedly relevant posts

4

in his Motion.[2] The Motion to Reverse is replete with references to these new posts in an effort to refute the Court's relevancy determination, but Foley does not specifically explain what these posts say or why they are relevant. The Court should not consider any new information—no matter how speculative—raised by Foley that was not before Judge Finnegan.

Should the Court decide to consider the new posts, they are still not relevant. Foley includes five posts in the Motion to Reverse, which, much like the posts included with the Amended Subpoena, include criticism of Foley and his alleged criminal behavior. (D.E. 154-2). One post accuses co-defendant Bennie Blankenship of being "corrupt" and "shredding evidence," while other posts discuss Foley's return to federal prison. *Id*. This new information does not render the Amended Subpoena legally sound. In fact, it refutes Foley's arguments that these posters may have assisted Foley in his scheme. The Magistrate Judge's ruling should be upheld.

## IV. The Amended Subpoena still raises First Amendment concerns.

The Magistrate Judge did not reach the First Amendment issue, and this Court need not reach that matter either because Foley has not established that Judge Finnegan's Order was clearly erroneous. But even if the Court determines that the order was clearly erroneous, which it is not, the subpoena still runs afoul of the First Amendment. iHub's users have a First Amendment right to use the platform anonymously. *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d 1, 4 (D.D.C. 2012) (finding that platform user had First Amendment right to post on the Internet anonymously). "In order to survive a First Amendment challenge the

---

[2] Foley claims that his "investigation into the contents of the voluminous posts is ongoing." (D.E. 154 at 5). Again, Foley has not provided any justification as to why he is still looking into the contents of the posts on the eve of trial when he was indicted over three years ago. The Court should disregard Foley's assertions that there is potentially relevant information somewhere in these posts that he has yet to identify.

government must show that they have a compelling interest in obtaining the sought-after material and that there is a sufficient nexus between the subject matter of the investigation and the information they seek." *In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461*, 706 F. Supp. 2d 11, 18 (D.D.C. 2009). Further, a third-party website cannot be subpoenaed for information regarding the identity of its anonymous posters unless the subpoena demonstrates both the compelling interest and a sufficient nexus between the case and the information sought. *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d at 4.

The Amended Subpoena does not proffer a compelling interest for disclosure, and this Court therefore cannot force the disclosure of the users' identities. Because the information sought is not relevant, as set forth above, the Amended Subpoena also does not establish any nexus whatsoever between the information sought from iHub and Foley's defense of this matter. If not properly quashed given the lack of clear error, the Amended Subpoena should be quashed on First Amendment grounds.

## **CONCLUSION**

Once again, Foley has failed to provide any justification for the information sought in the Amended Subpoena. He has likewise failed to prove that the Magistrate Judge's Order was clearly erroneous. The Court properly ruled on the Motion to Quash, finding that Foley had not established that iHub's user information would be relevant to defending the case, and Judge Finnegan's Order contains no clear error. The Motion to Reverse should be denied.

Dated: June 12, 2024              Respectfully submitted,

                                  INVESTORSHUB.COM, INC.

                                  By: /s/ Natalie A. Harris
                                        One of its attorneys

Natalie A. Harris (ARDC #6272361)
Sharon Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 741-1030
nharris@bhhlawfirm.com
salbrecht@bhhlawfirm.com
*Attorneys for non-party InvestorsHub.com, Inc.*